**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| AVIEL HAAS, *as Trustee of The Bira Rabushka Living Trust*, ) ) ) | |
| Plaintiff, ) ) ) | No. 4:23-CV-1304 RLW |
| v. ) ) ) | |
| AILEEN RABUSHKA, et al., ) ) ) | |
| Defendants. ) | |

**ORDER CONCERNING JURISDICTION**

This matter is before the Court on review of the file. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "Federal Courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. National Enters., Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). Statutes conferring diversity jurisdiction are strictly construed, *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992), and the burden of proving all jurisdictional facts is on the party asserting jurisdiction. *See McNutt v. General Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). "[T]he court may . . . insist that the jurisdictional facts be established or the case be dismissed[.]" *Id*.

Plaintiff's Complaint asserts that federal jurisdiction exists based on diversity of citizenship. (ECF No. 1, ¶ 50). The diversity jurisdiction statute, 28 U.S.C. § 1332(a), provides that federal district courts will have "original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States[.]"

"When jurisdiction is based on diversity of citizenship, the pleadings . . . must set forth with specificity the citizenship of the parties." *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). Complete diversity of citizenship between plaintiffs and defendants is required by § 1332. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991). To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987); *see* 28 U.S.C. § 1332(a), (c).

Different allegations are required to plead the citizenship of a limited liability company ("LLC"). "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) (quoted case omitted). Thus, for LLCs, the Court must examine the citizenship of each member of the LLC to determine whether it has diversity jurisdiction. *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). For any members of an LLC that are themselves LLCs, partnerships or limited partnerships, information concerning their underlying members or partners must be alleged.

Here, the Complaint asserts upon information and belief that "any member of Defendant Norton Shapiro Family LLC is domiciled in the State of Illinois." (ECF No. 1, ¶ 40). The Complaint further alleges upon information and belief that "no member of Norton LLC is domiciled in either the State of New York or the State of Arizona." *Id.* at ¶ 41. The Complaint does not identify the individual members of the LLC nor does it provide specific facts to support

2

its assertions. Without more, Plaintiff's assertions regarding Norton LLC's citizenship are conclusory. To properly establish citizenship of the LLC, Plaintiff must identify the citizenship of each of its members. *E3 Biofuels, LLC*, 781 F.3d at 975; *see also GMAC*, 357 F.3d at 829 ("[A]n LLC is not necessarily a citizen of its state of organization but is a citizen of each state in which its members are citizens."). Further, for any members of LLCs that are themselves LLCs, partnerships, or limited partnerships, information concerning their underlying members or partners must be alleged in accordance with the rules applicable to each such type of entity, through however many layers of ownership there may be, until either individuals or corporations are identified as the owner(s). *OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, No. 4:15-CV-1541 CAS, 2015 WL 5920663, at *1 (E.D. Mo. Oct. 9, 2015). Thus, Plaintiff has not properly established the citizenship of Norton LLC.

Plaintiff's jurisdictional allegations as to the defendant trusts are also insufficient to establish diversity jurisdiction in this case. For example, Plaintiff asserts upon information and belief that "any trustee or beneficial owner of Defendant Robert Shapiro Descendant's Exempt Trust is domiciled in the State of Illinois." (ECF No. 1, ¶ 31). Plaintiff further alleges upon information and belief that "no trustee or beneficial owner of Robert Trust is domiciled in either the State of New York or the State of Arizona." *Id.* at ¶ 32. The Complaint does not identify the individual trustees or allege the citizenship of the trustees.

The citizenship of a trust depends on the nature of the trust, and in some instances, the laws of the state in which the trust was formed. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 382 (2016). The Supreme Court has held that an unincorporated business trust is based on the citizenship of its members. *Id.* at 381. "When a trust is of the traditional type—as opposed to a construct of state law simply labeled a 'trust'—the trustees are the members of the Trust for

3

purposes of diversity citizenship." *Alper v. Marsh, USA, Inc.*, No. 4:18CV378 CDP, 2018 WL 1726627, at *2 (E.D. Mo. Apr. 10, 2018) (citing *Americold*, 136 S. Ct. 1012 (2016)). Here, Plaintiff does not identify the nature of the defendant trusts, their state of formation, or the membership of the trusts. Thus, Plaintiff has not properly established the citizenship of the trusts in this action.[1]

Based on the foregoing, the Court cannot determine whether it has subject-matter jurisdiction over this matter, and the Court must be satisfied that jurisdiction exists before it can address the merits of a case. *See Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006); *see also Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) ("It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction."). Thus, the Court cannot address the merits of Plaintiff's Motion for Temporary Restraining Order at this juncture. (ECF No. 6).[2]

Plaintiff is granted seven (7) days to file an amended complaint that alleges facts showing complete diversity of citizenship between the parties. Failure to do so will result in the dismissal of this action without prejudice for lack of subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that by **October 25, 2023**, Plaintiff shall file an Amended Complaint that alleges facts establishing the citizenship of all parties to this action.

---

[1] Even if Plaintiff alleged the citizenship of each member of the trusts and Norton LLC, the Complaint would still fall short. It is insufficient for the purposes of establishing diversity jurisdiction to plead citizenship based solely on "information and belief." *See, e.g., Gunapt Dev., L.L.C. v. Peine Lakes, L.P.*, No. 4:20-CV-01778-MTS, 2021 WL 3737273, at *1 (E.D. Mo. Aug. 24, 2021) ("Further, it is not enough to establish subject matter jurisdiction by pleading 'on information and belief' that a party is 'a citizen of a state or states other than Missouri.'").

[2] Even if Plaintiff had established the existence of subject-matter jurisdiction, the Court could not conduct an *ex parte* hearing at this time because Plaintiff has not certified in writing any efforts made to give notice to Defendants or the reasons why notice should not be required. *See* Fed. R. Civ. P. 65(b)(1)(B).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 6) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff does not timely and fully comply with this Order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 18th day of October, 2023.